Because I find myself in agreement with the reasoning expressed in both of my colleagues' opinions, I write separately.
I agree with Judge Grady that the apparent conflict between the first sentence in the crucial paragraph of the separation agreement and the later sentences in that paragraph can be reconciled if the intent of the first sentence is merely to make it clear that Klug is entitled to a credit, or set-off, against his obligation to Fender, in the amount of the reduction in the mortgage balance resulting from his payments. This possible explanation for the origin of the language of the first sentence is something that can appropriately be considered in construing the ambiguous language in that paragraph.
I also agree with Judge Brogan that equitable considerations are appropriate when construing ambiguous language in a separation agreement that has been incorporated in a divorce decree. The trial court is not compelled to accept the agreement of the parties, but has a duty to determine whether their agreement is equitable before adopting it as the order of the court. Accordingly, if the language in the incorporated settlement agreement is ambiguous, it is reasonable to assume that the trial court intended to adopt the more equitable construction as the judgment of the court. Equitable considerations are therefore appropriate, along with evidence of the intent of the parties, in deciding how the ambiguous paragraph should be construed.
Again, I concur in the reasoning expressed in both of my colleagues' opinions, and I therefore concur in the judgment of this court.